1

2

3

4

5

6

7

8    **IN THE UNITED STATES DISTRICT COURT**

9    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   MARCUS L. CHRISTIAN,                          No. CIV S-2:10-cv-0552-CMK-P

12            Plaintiff,

13      vs.                                         <u>ORDER</u>

14   D. VAN LEER, et al.,

15            Defendants.

16   _____/

17            Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983 challenging a prison disciplinary proceeding.  Plaintiff has consented to

19   Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served

20   or appeared in the action.  Pending before the court is plaintiff's complaint (Doc. 1).

21            The court is required to screen complaints brought by prisoners seeking relief

22   against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

23   § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

24   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

25   from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

26   the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

1   statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

2   This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne,

3   84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied

4   if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon

5   which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must

6   allege with at least some degree of particularity overt acts by specific defendants which support

7   the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

8   impossible for the court to conduct the screening required by law when the allegations are vague

9   and conclusory.

10

11                              **I. PLAINTIFF'S ALLEGATIONS**

12          Plaintiff names the following as defendants: D. Van Leer, E. Sandoval, Warden of

13   High Desert State Prison, and Susan Hubbard, Director of Corrections for CDCR.  Plaintiff

14   claims:

15          On May 16th 2009, I received a 115 for "fighting resulting in the use of
       force."  On June 17th 2009 Lt. D. Van Leer, heard my 115 and adjudicated
16       90 days of privalege group "C."  I was then made A1-C.  I was then taken
       to committee 13 days later, where Lt. Van Leer & CCII Sandoval took my
17       work assignment from me for the 115 that was already adjudicated a
       dissaplain.  They faulsified documents to do so, claiming I was transferred
18       to another Higher security facility.  But I never left Facility-B.  I was then
       not provided with a 128G in the proper alotment of time to meet time
19       constraints, in an attempt to cover up wrong doing.  I subsequently lost
       time & wages.  This was all done while under the supervision of High
20       Desert State Prison's Warden & the director of CDCR.  The patitioner
       then appealed the issue & was denied his actions requested.  However, was
21       provided with a memorandum admitting to his claim; Dated August 27th,
       2009.  The appeal was persued to a higher level & numerous false
22       statements were claimed in a memorandum dated October 8th, 2009,
       which the patitioner can prove, based on documents & memorandums the
23       patitioner was given.  The patitioner then appealed to the director of
       corrections, appeals department, & had his appeal sent back "rejected."
24       Claiming the patitioner failed to attach a 128G to his appeal.  The
       patitioner then sent it back to the director of corrections with a letter
25       explaining that there was a 128G attached, & has always been one, fore the
       patitioner would not of had his appeal heard on the first or second level
26       without one attached.  The patitioner accused the CDCR of trying to delay

                                        2

his appeal, to cover up High Desert State Prison officials' wrong doing. His appeal was sent back "rejected" a second time for the same reason. His appeal was also "rejected" by the Government Claims Board.  So He is now persuing his appeal in court.  (Complaint, Doc. 1, errors in original).

Documents attached to the complaint reveal that plaintiff was assessed a loss of good-time credits as a result of the disciplinary finding.

## II.  DISCUSSION

Plaintiff seeks damages for alleged violations of due process in the context of a prison disciplinary proceeding which resulted in a guilty finding and loss of good-time credits. When a state prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam).  Thus, where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, or the result of a prison disciplinary hearing, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding.  See Edwards v. Balisok, 520 U.S. 641, 646 (1987) (holding that § 1983 claim not cognizable because allegations of procedural defects and a biased hearing officer implied the invalidity of the underlying prison disciplinary sanction); Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor).  In particular, where the claim involves loss of good-time credits as a result of an adverse prison disciplinary finding, the claim is not cognizable.  See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997).

1   If a § 1983 complaint states claims which sound in habeas, the court should not convert the

2   complaint into a habeas petition.  See id.; Trimble, 49 F.3d at 586.  Rather, such claims must be

3   dismissed without prejudice and the complaint should proceed on any remaining cognizable

4   § 1983 claims.  See Balisok, 520 U.S. at 649; Heck, 512 U.S. at 487; Trimble, 49 F.3d at 585.

5           Because plaintiff was assessed a loss of good-time credits, plaintiff's due process

6   claim is not cognizable under § 1983 until such time as the underlying prison disciplinary finding

7   has been overturned or otherwise invalidated.

8

9                           **III.  CONCLUSION**

10          Because it does not appear possible that the deficiencies identified herein can be

11  cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of

12  the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

13  Plaintiff shall show cause in writing, within 30 days of the date of this order, why this action

14  should not be dismissed for failure to state a claim.  Plaintiff is warned that failure to respond to

15  this order may result in dismissal of the action for the reasons outlined above, as well as for

16  failure to prosecute and comply with court rules and orders.  See Local Rule 110.

17          IT IS SO ORDERED.

18

19   DATED:  July 1, 2010

20                                      _____

21                                      **CRAIG M. KELLISON**
                                        UNITED STATES MAGISTRATE JUDGE
22

23

24

25

26

                                        4