IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS L. CHRISTIAN, | No. CIV S-2:10-cv-0552-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| D. VAN LEER, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983 challenging a prison disciplinary proceeding.  Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.  Pending before the court is plaintiff's response to the court's July 2, 2010, order to show cause.

In the order to show cause, the court stated:

### I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: D. Van Leer, E. Sandoval, Warden of High Desert State Prison, and Susan Hubbard, Director of Corrections for CDCR.  Plaintiff claims:

/ / /

1

|    |    |
|---|---|
| 1  | On May 16th 2009, I received a 115 for "fighting resulting in the use of force." On June 17th 2009 Lt. D. Van Leer, heard my 115 and adjudicated 90 days of privalege group "C." I was then made A1-C. I was then take to committee 13 days later, where Lt. Van Leer & CCII Sandoval took my work assignment from me for the 115 that was already adjudicated a dissaplain. They faulsified documents to do so, claiming I was transferred to another Higher security facility. But I never left Facility-B. I was then not provided with a 128G in the proper alotment of time to meet time constraints, in an attempt to cover up wrong doing. I subsequently lost time & wages. This was all done while under the supervision of High Desert State Prison's Warden & the director of CDCR. The patitioner then appealed the issue & was denied his actions requested. However, was provided with a memorandum admitting to his claim; Dated August 27th, 2009. The appeal was persued to a higher level & numerous false statements were claimed in a memorandum dated October 8th, 2009, which the patitioner can prove, based on documents & memorandums the patitioner was given. The patitioner then appealed to the director of corrections, appeals department, & had his appeal sent back "rejected." Claiming the patitioner failed to attach a 128G to his appeal. The patitioner then sent it back to the director of corrections with a letter explaining that there was a 128G attached, & has always been one, fore the patitioner would not of had his appeal heard on the first or second level without one attached. The patitioner accused the CDCR of trying to delay his appeal, to cover up High Desert State Prison officials' wrong doing. His appeal was sent back "rejected" a second time for the same reason. His appeal was also "rejected" by the Government Claims Board. So He is now persuing his appeal in court. (Complaint, Doc. 1, errors in original). |

Documents attached to the complaint reveal that plaintiff was assessed a loss of good-time credits as a result of the disciplinary finding.

## II.  DISCUSSION

Plaintiff seeks damages for alleged violations of due process in the context of a prison disciplinary proceeding which resulted in a guilty finding and loss of good-time credits. When a state prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th

Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam). Thus, where a § 1983 action seeking monetary damages or declaratory relief alleges constitutional violations which would necessarily imply the invalidity of the prisoner's underlying conviction or sentence, or the result of a prison disciplinary hearing, such a claim is not cognizable under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas petition, or through some similar proceeding. See Edwards v. Balisok, 520 U.S. 641, 646 (1987) (holding that § 1983 claim not cognizable because allegations of procedural defects and a biased hearing officer implied the invalidity of the underlying prison disciplinary sanction); Heck v. Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor). In particular, where the claim involves loss of good-time credits as a result of an adverse prison disciplinary finding, the claim is not cognizable. See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997). If a § 1983 complaint states claims which sound in habeas, the court should not convert the complaint into a habeas petition. See id.; Trimble, 49 F.3d at 586. Rather, such claims must be dismissed without prejudice and the complaint should proceed on any remaining cognizable § 1983 claims. See Balisok, 520 U.S. at 649; Heck, 512 U.S. at 487; Trimble, 49 F.3d at 585.

Because plaintiff was assessed a loss of good-time credits, plaintiff's due process claim is not cognizable under § 1983 until such time as the underlying prison disciplinary finding has been overturned or otherwise invalidated.

In his response, Plaintiff states that he is not suing for restoration of his lost credit, and refers the court to documents he filed in support of his claim in May 2010. The court was in receipt of those supporting documents, and reviewed them prior to issuing the previous order to show cause. These documents support the fact that Plaintiff lost good-time credit as a result of the prison disciplinary finding. Regardless of whether or not Plaintiff is specifically requesting credit restoration, if Plaintiff is successful in prosecuting this case, the result would be to undermine that disciplinary finding and the restoration of the lost credit would be inevitable. Thus, his claim challenging the prison disciplinary action is not actionable under § 1983 until such time as the finding has been overturned.

///

1  Accordingly, IT IS HEREBY ORDERED that this action is dismissed and the
2  Clerk of the Court is directed to enter judgment and close this case.

DATED: October 20, 2010

                                            **CRAIG M. KELLISON**
                                            UNITED STATES MAGISTRATE JUDGE